[686 NYS2d 435]

In the Matter of MICHAEL D. BLUTRICH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 11, 1999

**APPEARANCES OF COUNSEL**

*Jeremy S. Garber* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Michael D. Blutrich was admitted to the practice

of law in the State of New York by the Second Judicial Department on March 5, 1975, and at all times relevant to this proceeding has maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys and, pursuant to Judiciary Law § 90 (6-a), requiring respondent to make monetary restitution to National Heritage Life Insurance Company (NHLIC) or other victims of respondent's misappropriations of money in the practice of law, including, if appropriate, the Lawyers' Fund for Client Protection.

On April 9, 1998, respondent pleaded guilty in the United States District Court for the Middle District of Florida to 18 felony counts of racketeering, racketeering conspiracy, wire fraud and money laundering, in violation of 18 USC § 1962 (c) and (d), and §§ 1343 and 1956 (a) (1) (A) and (B), in connection with a scheme, commencing in May 1990 and continuing until June 1997, in which respondent conspired to conceal and launder tens of millions of dollars which he and his coconspirators had stolen from LifeCo Investment Group, Inc., a Florida corporation, and its wholly owned subsidiary, the National Heritage Life Insurance Company, a Delaware corporation. On April 7, 1998, respondent executed a plea agreement admitting his role in the criminal scheme, and, in his plea allocution, he swore to the veracity of these admissions.

Relying primarily on respondent's admissions in his plea agreement, the Committee asserts that respondent's convictions are a basis for automatic disbarment since, under Judiciary Law § 90 (4) (e), the conduct underlying respondent's conviction would be a basis for conviction of the New York felony of grand larceny in the first degree (Penal Law § 155.42). Pursuant to Judiciary Law § 90 (4) (b), the name of any attorney convicted of a felony, as defined in Judiciary Law § 90 (4) (e), shall be struck from the roll of attorneys.* Insofar as relevant, the term felony means "any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." (Judiciary Law § 90 [4] [e].)

---

* For purposes of automatic disbarment, a conviction occurs at the time the plea is entered. (*Matter of Hirsch*, 214 AD2d 271.)

"A person * * * commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof." (Penal Law § 155.05 [1].) "A person is guilty of grand larceny in the first degree when he steals property and when the value of the property exceeds one million dollars." (Penal Law § 155.42.) The admissions in respondent's plea agreement establish that he engaged in conduct which satisfies the elements of grand larceny in the first degree.

Respondent admitted that he drafted and delivered a $4,000,000 check drawn on his New York attorney escrow account, with the knowledge that only $1,000,100 was then deposited in this account, and used it to purchase more than 2,400,000 shares of LifeCo common stock, a controlling share. This conduct constitutes grand larceny in the first degree. (*See,* Penal Law §§ 155.42, 155.05 [2] [a].) In addition, respondent admitted that he and his coconspirators used false promises and fraudulent documents misrepresenting the value of the collateral to convert over $11,000,000 by inducing NHLIC to "loan" these funds to three straw corporations with little or no assets which were controlled by respondent and his accomplices. (*See, People v D'Anna,* 163 AD2d 810; Penal Law § 155.05 [2] [d].) Finally, respondent induced NHLIC to transfer $17,000,000, $25,000,000 and $30,000,000, respectively, to his attorney escrow account to effectuate bogus transactions. These funds were converted to the exclusive use of respondent and his coconspirators. (*See, People v Romer,* 203 AD2d 206, *lv denied* 83 NY2d 971; *see also, Matter of Powsner,* 195 AD2d 21.)

In any event, regardless of whether the conduct admitted by respondent is deemed to constitute a New York felony, disbarment is the only appropriate sanction in view of his admitted calculated deception and misrepresentation in converting tens of millions of dollars and his use of his attorney escrow account as the primary tool for accomplishing his ends. (*See, Matter of Catalfo,* 181 AD2d 213, 215.) Respondent has submitted no opposition to the Disciplinary Committee's petition.

Where disbarment is ordered "following disciplinary proceedings at which [the Court] found, based upon a preponderance of the legally admissible evidence, that [the attorney] wilfully misappropriated or misapplied money or property in the practice of law, its order may require him or her to make monetary restitution." (Judiciary Law § 90 [6-a] [a].) Pursuant

to paragraph (b) of section 90 (6-a), monetary restitution "shall be for the amount or value of such money or property." The Disciplinary Committee's request for an order requiring restitution to "National Heritage Life Insurance Company or other victims of [r]espondent's misappropriations of money in the practice of law" is not sufficiently specific either as to the victims of respondent's misappropriation or the amount misappropriated and, accordingly, should be denied. The matter can be addressed by the Federal court at sentencing or by this Court when and if respondent seeks reinstatement.

Accordingly, the petition should be granted to the extent of striking respondent's name from the roll of attorneys, and otherwise denied.

ELLERIN, P. J., SULLIVAN, ROSENBERGER, LERNER and ANDRIAS, JJ., concur.

Petition granted to the extent of striking the name of respondent from the roll of attorneys and counselors-at-law in the State of New York, and otherwise denied, as indicated, all effective the date hereof.