[698 NYS2d 29]

In the Matter of RICHARD J. KURTZ, Also Known as RICHARD JOSEPH KURTZ (Admitted as JOSEPH KURTZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 9, 1999

#### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Howard Benjamin* of counsel (*Gentile, Brotman & Benjamin,* attorneys), for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Richard J. Kurtz was admitted to the practice of

law by the Second Judicial Department on June 19, 1963, as Joseph Kurtz. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was indicted, on November 20, 1998, in the United States District Court for the Southern District of New York, for bankruptcy fraud in violation of 18 USC § 152, arising out of his 1993 filing of a sworn petition for bankruptcy wherein he concealed substantial assets owned by him. The indictment also charged respondent with bankruptcy perjury in connection with his oath before a bankruptcy trustee as to the truthfulness of his statements in the petition. On July 13, 1999, respondent pleaded guilty to bankruptcy fraud under the second count of the indictment. That count alleged that he fraudulently concealed assets in a sworn examination before the bankruptcy trustee, and that he falsely swore that the bankruptcy petition was correct.

The Departmental Disciplinary Committee now moves for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). Since these offenses are essentially similar to the New York felonies of offering a false instrument for filing in the first degree (Penal Law § 175.35) as well as perjury in the first degree (Penal Law § 210.15), his conviction warrants automatic disbarment as of the date of the conviction (*Matter of Frankel*, 189 AD2d 261).

Accordingly, the petition to strike respondent's name from the roll of attorneys should be granted.

SULLIVAN, J. P., TOM, MAZZARELLI, RUBIN and FRIEDMAN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.