[752 NYS2d 44]

In the Matter of RICHARD E. GRAY (Admitted as RICHARD EDWARD GRAY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 19, 2002

## APPEARANCES OF COUNSEL

*Naomi F. Goldstein* (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Richard E. Gray was admitted to the practice of

law in the State of New York by the First Judicial Department on April 13, 1970 under the name Richard Edward Gray. At all times relevant to this proceeding, respondent resided and conducted business within the First Judicial Department.

By an order entered May 31, 2002, this Court granted the Disciplinary Committee's petition and found respondent guilty of professional misconduct in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7), and DR 7-106 (a) (22 NYCRR 1200.3, 1200.37), premised on collateral estoppel, on the basis of adverse findings against respondent in Supreme Court, New York County. Respondent was held in civil contempt in a derivative action and a related class action for violating a preliminary injunction enjoining him and the defendant corporations from making payments, not in the ordinary course of business, to respondent or to any of his companies. Subsequently, respondent was jailed for failing to purge his contempt by returning $4.5 million despite his financial ability to do so.

Thereafter, by motion dated June 24, 2002, the Committee sought an order immediately suspending respondent based on evidence of professional misconduct. However, in light of respondent's subsequent federal conviction, the Committee now seeks permission to withdraw that motion and asks this Court to strike respondent's name from the roll of attorneys.

Specifically, respondent was charged in the Federal District Court for the Eastern District of Missouri with one violation of 18 USC § 1341 (mail fraud), three violations of section 1343 (fraud by wire), four violations of section 152 (7) (fraudulent transfers in contemplation of bankruptcy), one violation of section 152 (5) (fraudulent receipt of property from a bankrupt debtor), and seven violations of section 152 (2) (false oath in relation to a bankruptcy case). As to this count, it was alleged that respondent knowingly and fraudulently made a materially false statement under oath in the creditors' meeting in the bankruptcy case of HomeStar Industries, Inc. when questioned about the company's financial affairs.

In addition, by an information filed on July 22, 2002 in the District of Connecticut (where respondent maintains a second residence), respondent was charged with one violation of 26 USC § 7201 (evasion of payment of taxes). It was alleged that respondent attempted to evade paying Federal taxes for the calendar years 1984 through 1987, in the total amount of $370,297.

Thereafter, respondent agreed to the consolidation of the two matters. On July 24, 2002, respondent and the government entered into a stipulation of facts relative to sentencing in which he stipulated to one count of the Missouri indictment, namely, making a materially false statement under oath in the bankruptcy matter involving HomeStar Industries, Inc. in violation of 18 USC § 152 (2), and to the Connecticut information charging him with tax evasion (26 USC § 7201). Later that same day, respondent entered a plea of guilty to these two counts in the Eastern District of Missouri. Respondent has not yet been sentenced and has not responded to the instant motion.

Now, by petition dated September 19, 2002, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), which provides for automatic disbarment where an attorney has been convicted of a felony in this state or elsewhere, so long as the underlying conduct constitutes a felony in this state (Judiciary Law § 90 [4] [e]). Petitioner correctly contends that automatic disbarment is appropriate here since respondent's conviction of knowingly and fraudulently making a false oath in relation to a bankruptcy, in violation of 18 USC § 152, is essentially similar to the New York felony of perjury in the first degree, a class D felony under Penal Law § 210.15 which provides: "A person is guilty of perjury in the first degree when he swears falsely and when his false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made." (*See Matter of Kurtz*, 263 AD2d 55 [automatic disbarment where federal plea under 18 USC § 152 is essentially similar to perjury in the first degree under New York Penal Law].) Not only did respondent specifically plead to knowingly making a false statement while under oath at a creditors' meeting in a bankruptcy proceeding but he admitted in his plea allocution that the false statement was material to the matter. Accordingly, there is clearly no question that respondent perjured himself, a New York felony, resulting in automatic disbarment.

With regard to respondent's tax evasion conviction in violation of 26 USC § 7201, this Court has consistently regarded this federal offense as a "serious crime" under Judiciary Law § 90 (4) (d), which does not bring automatic disbarment (*see Matter of Hochberg*, 259 AD2d 94, 97). However, where the filing of a fraudulent tax return occurred in the context of a larger illegal scheme, this Court has held that disbarment is appropri-

ate (*see Matter of Vagionis*, 241 AD2d 276). Respondent admitted to concealing from the IRS the nature, extent and location of his assets, he prepared and signed false financial statements, he paid personal debts with funds diverted from corporations he owned or controlled, and he maintained funds and property in the name of nominees. Consequently, disbarment is appropriate in this case.

In accordance with the Committee's request, its application to withdraw its motion relating to suspending respondent should be granted in view of this Court's decision striking respondent's name from the roll of attorneys.

Accordingly, as respondent ceased to be an attorney by operation of law upon entry of his guilty plea, the petition to strike respondent's name from the roll of attorneys and counselors-at-law should be granted (Judiciary Law § 90 [4] [b]).

TOM, J.P., ANDRIAS, RUBIN, FRIEDMAN and MARLOW, JJ., concur.

Respondent's name stricken from the roll of attorneys in the State of New York, nunc pro tunc to July 24, 2002. Motion to suspend withdrawn.