[871 NYS2d 118]

In the Matter of STEPHEN YAGMAN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 15, 2009

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jeremy S. Garber* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Stephen Yagman was admitted to the practice of law in the State of New York by the First Judicial Department on March 17, 1975. He was also admitted to the practice of law in the State of California, where, at all times relevant herein, he has resided and practiced law.

By order dated September 16, 1998, the California Supreme Court suspended respondent from the practice of law in that state for three years, with two years of that suspension stayed, and probation for the full three years, for failure to communicate a written settlement offer to his clients, failure to promptly pay his clients funds to which they were entitled, failure to render an appropriate accounting, commingling and misappropriating funds, entering into an illegal fee agreement, and collecting an unconscionable fee. Based upon that conduct, this Court, by order entered November 18, 1999, imposed reciprocal discipline and suspended respondent for at least one year, coextensive with his California suspension (*see Matter of Yagman*, 263 AD2d 151 [1999]). Respondent never applied for reinstatement in New York, and therefore remains suspended.

In 2007, respondent was convicted, after a jury trial in the United States District Court for the Central District of California, of one count of attempted tax evasion, one count of bankruptcy fraud, and 11 counts of money laundering, all felonies under the United States Code, and sentenced to, inter alia, a prison term of three years and supervised release for two years.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), and directing him to make restitution to any victims of misappropriation of money during his practice of law, including the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). Respondent has not submitted a response.

A conviction of a federal felony triggers automatic disbarment if the offense is "essentially similar" to a felony under New York law (*see Matter of Sorin*, 47 AD3d 1, 3 [2007]; Judiciary Law § 90 [4] [e]). Respondent's conviction for bankruptcy fraud under 18 USC § 157, for knowingly and intentionally filing bankruptcy petitions in which he fraudulently misrepresented and omitted material and substantial assets, is essentially similar to the New York felonies of offering a false instrument for filing in the first degree and perjury in the first degree (*see Matter of Kurtz*, 263 AD2d 55 [1999] [bankruptcy fraud under 18 USC § 152 essentially similar to the New York felonies of offer-

ing a false instrument for filing in the first degree and perjury in the first degree]; *Matter of Gellene*, 246 AD2d 109 [1998] [bankruptcy fraud under 18 USC § 152 and false sworn declaration under 18 USC § 1623 essentially similar to the New York felonies of offering a false instrument for filing in the first degree and perjury in the first degree]). Therefore, those federal felony convictions provide a basis for automatic disbarment.

The Committee's request for monetary restitution to any victims of respondent's misappropriation of money in the practice of law, including restitution to the Lawyers' Fund for Client Protection, should be denied because the Committee failed to make any showing that respondent misappropriated funds in the practice of law (*see* Judiciary Law § 90 [6-a]) and the request is not sufficiently specific as to the victims or the amount allegedly misappropriated (*see Matter of Blutrich*, 253 AD2d 85, 87-88 [1999]).

Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to June 22, 2007, and the Committee's motion for monetary restitution denied.

Tom, J.P., Andrias, Saxe, Friedman and Buckley, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 22, 2007, as indicated.