**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Stephen YAGMAN, Attorney,
Defendant—Appellant.**

No. 07–50539.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2009.

Filed Sept. 11, 2009.

Beong–Soo Kim, Assistant U.S., Alka Sagar, Assistant U.S., Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Erwin Chemerinsky, Esquire, Duke University School of Law, Durham, NC, for Defendant–Appellant.

Before: PREGERSON and THOMPSON, Circuit Judges, and FOGEL *, District Judge.

## MEMORANDUM **

A jury convicted Stephen Yagman of one count of tax evasion in violation of 26 U.S.C. § 7201, one count of bankruptcy fraud in violation of 18 U.S.C. § 157, and eleven counts of money laundering in violation of 18 U.S.C. § 1957. We have jurisdiction under 28 U.S.C. § 1291, and we affirm Yagman's conviction.

## I.

Yagman first argues that the district court should have dismissed the bankruptcy fraud count because the indictment failed to allege a fraudulent scheme separate from the bankruptcy proceedings. We agree that 18 U.S.C. § 157 requires that the government prove a fraudulent scheme separate from the bankruptcy proceedings. *See United States v. Milwitt,* 475 F.3d 1150, 1155 (9th Cir.2007). Here, however, Count One of the Indictment alleges that Yagman's bankruptcy proceedings were part of a larger fraudulent scheme to commit tax evasion and hide assets from the Internal Revenue Service and other creditors. These allegations were expressly incorporated into Count Two of the Indictment and are sufficient to satisfy the requirement that the indictment allege a fraudulent scheme separate from the bankruptcy proceedings. Accordingly, the district court did not err by refusing to dismiss the bankruptcy fraud count.

## II.

Yagman next argues that the misstatements and omissions he made during the bankruptcy proceedings were immaterial and, therefore, insufficient to support his bankruptcy fraud conviction. We disagree. Yagman's failure to disclose his assets materially impaired the bankruptcy trustee's ability to obtain an accurate picture of Yagman's financial condition and investigate what assets might exist. *See In re Wills,* 243 B.R. 58, 63–64 (9th Cir. B.A.P. 1999). Accordingly, we find that there was sufficient evidence to support Yagman's bankruptcy fraud conviction.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

# 314

## III.

■ Yagman also argues that he was denied his Sixth Amendment right to a fair trial because the district court refused to allow him to present "crucial evidence" relating to his defense that he was "framed" by federal law enforcement officers. A defense of vindictive or selective prosecution may not be presented to a jury. *See United States v. Wilson,* 639 F.2d 500, 502 (9th Cir.1981); *United States v. Sotelo–Murillo,* 887 F.2d 176, 182 (9th Cir.1989). A defendant is, however, entitled to present evidence relating to the overall quality of the government's investigation. *See United States v. Sager,* 227 F.3d 1138, 1146 (9th Cir.2000). Here, the evidence Yagman sought to introduce did not relate to framing or the quality of the government's investigation, but instead related solely to a vindictive prosecution claim.[1] Accordingly, the district court did not err by refusing to admit the evidence Yagman sought to introduce.

## IV.

■ Finally, Yagman argues that the district court erred by denying his request to immunize two-prospective defense witnesses, Yagman's ex-wife Marion Yagman and Yagman's girlfriend K.D. Mattox.[2] In *United States v. Straub,* 538 F.3d 1147 (9th Cir.2008), we stated that "where the government has liberally used its discretion to grant immunity to numerous witnesses, and the defendant's witness could offer relevant testimony that would directly contradict that of an immunized government witness, the trial may become so fundamentally unfair that the defendant's due process rights are implicated." *Id.* at 1160. To compel use immunity for a defense witness:

> the defendant must show that: (1) the defense witness's testimony was relevant; and (2) either (a) the prosecution intentionally caused the defense witness to invoke the Fifth Amendment right against self-incrimination with the purpose of distorting the fact-finding process; or (b) the prosecution granted immunity to a government witness in order to obtain that witness's testimony, but denied immunity to a defense witness whose testimony would have directly contradicted that of the government witness, with the effect of so distorting the fact-finding process that the defendant was denied his due process right to a fundamentally fair trial.

*Id.* The testimony of Marion Yagman and K.D. Mattox does not meet this standard because there was no "direct contradiction" between government witness Ernst Widmer's testimony and Mattox or Marion Yagman's testimony. Accordingly, the district court did not abuse its discretion in denying Yagman's request to compel use immunity for Marion Yagman and K.D. Mattox.

**AFFIRMED.**

---

1. As the district court correctly noted, "none of the offers [of proof] included any plausible suggestion that Defendant had been framed" and "[t]here was not a scintilla of evidence in the offers of proof to support the theory that Defendant had been framed." Moreover, none of the proffered testimony would have raised any concerns over the credibility or validity of any of the documentary evidence produced during the government's investigation.

2. Neither Marion Yagman nor K.D. Mattox testified at Yagman's trial.