**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: STEPHEN YAGMAN, | No. 11-56245 |
| STEPHEN YAGMAN, attorney disciplinary matter, | D.C. No. 2:11-mc-00025-ABC |
| Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted June 4, 2012
Pasadena, California

Before: B. FLETCHER, BYBEE, and BEA, Circuit Judges.

Stephen Yagman appeals the disbarment order issued by the United States

District Court for the Central District of California. We have jurisdiction under 28

U.S.C. § 1291, and we affirm. We review for abuse of discretion. *See In re*

*Corrinet*, 645 F.3d 1141, 1145 (9th Cir. 2011).

Yagman argues that the district court erred by disbarring him because the

California disbarment, upon which the federal disbarment was based, "was effected

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

without a *full* hearing or due process." The district court found that although Yagman did not receive an evidentiary hearing, "he did file a brief in opposition [to disbarment], which the [California State Bar] Review Department noted and considered prior to recommending disbarment." Because Yagman had the opportunity to, and in fact did, file briefing opposing his disbarment, and because "[t]he opportunity to brief the issue fully satisfies due process requirements," *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000), Yagman received due process.

Yagman next argues that because his conviction for bankruptcy fraud under 18 U.S.C. § 157 "was a legal impossibility, it could not serve as a basis for disbarment." Even assuming California disbarred him solely on the basis of his § 157 conviction, Yagman cannot now challenge the validity of that conviction because it is immune from collateral attack in disciplinary proceedings. *See Standing Comm. on Discipline v. Ross*, 735 F.2d 1168, 1170–71 (9th Cir. 1984) ("Ross first contends that his convictions were politically motivated, but we need not consider that argument. Ross chose not to appeal his convictions directly and they are not subject to retrial or collateral attack in the disciplinary forum."). Yagman challenged his bankruptcy fraud conviction on appeal to this court, and we upheld it. *See United States v. Yagman*, 345 F. App'x 312, 313 (9th Cir. 2009)

(affirming conviction for bankruptcy fraud after considering Yagman's arguments). Yagman's guilt is therefore final and may not be collaterally attacked in a disciplinary proceeding.[1] The district court did not err in reciprocally disbarring Yagman.

AFFIRMED.

---

[1]Yagman also claims that it would be a "[g]rave injustice" for him to be disbarred because it would leave many people "without the ability to have their cases heard because no one except Yagman would take some of those cases." The district court did not abuse its discretion in finding Los Angeles "'blessed with an abundance of highly competent and committed civil rights attorneys'" that could litigate cases in Yagman's place.

In support of this argument, Yagman asks us to take judicial notice of his curriculum vitae and Wikipedia page. We decline to do so. *See* Fed. R. Evid. 201(b)(2).